953 F.2d 640
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darley FUENTES, Defendant-Appellant.
 No. 91-5810.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 2, 1992.
Decided Jan. 29, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CR-88-365-K)
 Michael G. Kent, Huntington, Md., for appellant.
 Richard D. Bennett, United States Attorney, John V. Geise, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md. [APPEAL AFTER REMAND FROM 924 F.2D 1053].
 VACATED AND REMANDED.
 Before PHILLIPS, MURNAGHAN and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Darley Fuentes appeals the district court's application of an obstruction of justice enhancement at her resentencing hearing. She was convicted of conspiracy to possess with intent to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C.A. § 846 (West Supp.1991). Fuentes was originally sentenced to a period of 108 months incarceration, five years supervised release, and a fifty dollar special assessment.
 
 
 2
 Fuentes appealed her conviction and the government crossappealed claiming error in the district court's failure to enhance her sentence for obstruction of justice. While this Court affirmed the conviction, resolving all issues against Fuentes, we vacated her sentence and remanded for reconsideration of the question of whether Fuentes's perjury should be considered to have constituted an obstruction of justice, and for resentencing based upon the district court's resolution of the issue.
 
 
 3
 The district court resentenced Fuentes, increasing her term of imprisonment to a period of one hundred thirty-five months because of a two level upward adjustment in offense level for obstruction of justice. Fuentes appealed a second time.
 
 
 4
 In United States v. Dunnigan, 944 F.2d 178 (4th Cir.1991), decided after the district court's resentencing, this Court decided that the enhancement of a sentence, pursuant to the guidelines, for a disbelieved denial of guilt under oath intolerably burdened a defendant's right to testify in his own behalf. The intervening decision in Dunnigan requires that we vacate the sentence imposed on Fuentes pursuant to our prior remand.
 
 
 5
 The appropriate remedy here is reinstatement of the original sentence which was at the bottom of the properly calculated guideline range. Accordingly, we vacate the second sentence and remand with instructions to enter an amended judgment, reinstating the district court's original sentence of a term of imprisonment for 108 months, five years supervised release, and a fifty dollar special assessment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 VACATED AND REMANDED WITH INSTRUCTIONS.